NATIONAL LEAD COMPANY *v.* MONTPELIER HARDWARE

COMPANY, et al.

January Term, 1901.

Present: TAFT, C. J., MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 5, 1901.

*Principal and surety—Presentation of note against the estate in insolvency of the principal maker*—The presentation of a joint note against the estate in insolvency of the principal maker does not discharge the other signers.

*Same*—The presentation of a joint note against the estate in insolvency of the principal maker does not compel the payee to exhaust the remedy thus sought before proceeding to a proper judgment in a suit in which all the signers are summoned as defendants.

*Practice in Supreme Court—Questions raised below alone considered*—In this case no judgment was rendered against the principal maker, a corporation in insolvency. Whether this was error is not considered as the question was not raised by any exception taken.

ASSUMPSIT on a note. Plea, the general issue. Trial by court, Washington County, March Term, 1900, *Tyler,* J., presiding. On facts found, judgment was rendered against the defendants D. L. Fuller and H. L. Dean, named in the opinion. The defendant D. L. Fuller excepted.

The note in suit was one signed by all the defendants and was as follows:

"$873.82                                           Jan. 9, 1897.

Two months after date we promise to pay to the order of National Lead Company eight hundred and seventy-three and 82-100th. dollars, at Montpelier, Vt.   Value received."

The consideration passed to the first signer, the Montpelier Hardware Company.   At some time after the note was given the Hardware Company went into insolvency under the insolvent law of this State.    The plaintiff presented the note against the insolvent estate and received therefrom 70 per cent of the claim in dividends.   The court found that there was a reasonable probability that another small dividend would be paid.   The amount of damages for which judgment was rendered was the balance due upon the note after deducting the dividends paid.

*F. L. Laird* for the plaintiff.

*T. R. Gordon* and *E. H. Deavitt* for the defendant.

TAFT, C. J.   The plaintiff seeks to recover the amount due upon a promissory note signed by the Montpelier Hardware Co. the defendants D. L. Fuller, H. L. Dean, and one Charles H. Fuller; the latter had been discharged by the court of insolvency.   The principal upon the note, the Hardware Co., is in insolvency and two dividends amounting to 70 per cent. upon the dollar have been paid by the assignee.   No claim is made against C. H. Fuller.   The plaintiff is entitled to a judgment against the defendants D. L. Fuller and Dean.    The defendant D. L. Fuller claimed on the trial below that the plaintiff was not entitled to judgment in this suit for that it was bound to exhaust its remedy against the principal of the note and that there was a reasonable probability of another dividend being realized from the uncollected assets of the Hard-

ware Co., and that it could not proceed against the defendant D. L. Fuller until the insolvent estate was fully settled. This position is not tenable. The plaintiff has the right to collect the note in any legal way from any of the signers. The presentation of the note against the estate of the Hardware Co. did not operate to discharge the other signers of the note. The note being a joint one, the plaintiff could not maintain an action against the signers severally and they were all summoned as defendants. No judgment could be rendered against Charles H. Fuller as he had been discharged from the claim by the court of insolvency. Judgment was rendered against the two defendants, D. L. Fuller and Dean. If it was error not to include the Hardware Co. in the judgment as debtors, that question is not before us as no exception was taken upon the ground that the Hardware Co. were not included in the judgment.

The only questions made below by D. L. Fuller were those above-mentioned, viz :—that the plaintiff was bound to exhaust its remedy against the Hardware Company, and could not proceed against him until the estate of the Hardware Company was settled, and that the presentation of the note against the estate of the Hardware Company discharged the defendants D. L. Fuller and Dean. The court below was correct in its rulings on these two questions.

No discharge is granted a corporation by the insolvent court and there is no provision for staying judgment against one as there is against an individual, until the question of a discharge is settled. Whether judgment against the Hardware Company could properly have been rendered we do not decide as the question is not before us.

*There was no error in rendering judgment against D. L. Fuller and Dean and the same is affirmed.*